UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY ANTHONY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV1373 CDP |
| | ) |
| FRANCIS SLAY, JR., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Jeffery Smith brought claims under state law and 42 U.S.C. § 1983 after he was incarcerated for over 100 days based on a warrant directed to another person. Defendant affiliated with the St. Louis Municipal Police Department (SLMPD) and the defendant Circuit Clerk M. Jane Schweitzer separately move to dismiss the claims against them. The claims against Schweitzer are based upon the issuance of the warrant; this is a judicial act, for which Schweitzer is entitled to judicial immunity. All claims against her will be dismissed. Smith's state law claims are barred by the statute of limitations, and so Count III will be dismissed as to all defendants. Because Smith has sufficiently pleaded his § 1983 official-capacity claims against the SLMPD defendants, their motion to dismiss those claims will be denied. Finally, because a review of the case has revealed that Smith's claims

against the St. Louis City Sheriff's Department are legally deficient, those claims will be dismissed *sua sponte*.

**Background**

On August 6, 2009, plaintiff Jeffery Smith was stopped by Chesterfield, Missouri police officers for soliciting in that city without a license. Smith provided the officers with his driver's license, after which the officers told him he was wanted in three other jurisdictions on unrelated charges. From August 6 to August 8, 2009, Smith was held in custody of the Florissant Police Department. On August 8, 2009, Smith was released to the custody of the Ferguson Police Department, where he remained until he posted bond approximately two days later.

On August 10, 2009, the St. Louis Metropolitan Police informed Smith that he was wanted for a Class C felony, for which a warrant had been sworn out against a "Eugene Hamilton." Although he protested that he was not Eugene Hamilton, Smith was served with that warrant, which had been issued by the St. Louis Circuit Clerk's office and the St. Louis Metropolitan Police Department. Smith was transported to the St. Louis City Justice Center, where he was fingerprinted and given an inmate identification bracelet identifying him as Eugene Hamilton.

Smith had previously been arrested and convicted for a criminal offense in the City of St. Louis, and so his photograph, fingerprints, date of birth, and social

security number were already in the City's computer database. Eugene Hamilton, too, had already been arrested and convicted for a criminal offense in the City; his identifying characteristics were likewise in the database.

Smith was transported to the Division of Corrections Medium Security Institution, where he remained from August 16, 2009 through December 2, 2009. During this time, Smith repeatedly protested that he was not Eugene Hamilton.

On September 16, 2009, a judge ordered that Smith be fingerprinted so that his identity might be ascertained; that order was not followed. On October 29, 2009, Assistant Circuit Attorney Kristi Hodel sent a letter to Smith's public defender stating that after comparing photographs, she believed Smith was telling the truth. Smith remained incarcerated for thirty-three additional days, until he was ordered released on December 2, 2009.

Smith presents three counts against all defendants.[1] The first two counts, brought under 42 U.S.C. § 1983, assert that his Constitutional rights were violated.

---

[1] Smith's claims against the Division of Corrections were voluntarily dismissed. The Clerk's Office defendants include M. Jane Schweitzer in her official capacity as the Circuit Clerk for the Twenty-Second Judicial Circuit of the State of Missouri, as well as unnamed civilian employees of the Clerk's office, charged with the issuance and processing of arrest warrants.

The St. Louis Metropolitan Police Department (SLMPD) defendants include five members of the Board of Police Commissioners of the City of St. Louis (Mayor Francis Slay, Thomas Irwin, Bettye Battle-Turner, Richard H. Gray, and Erwin Switzer, "Board Members") in their official capacities, Chief of Police Samuel Dotson in his official capacity, officer Andrew Watson in his official and individual capacities, civilian Office Coordinator of the Prisoner Processing Division of the SLMPD Mark Garanzini in his official and individual capacities, Commander of Prisoner Processing Division Vincent Simpher in his official and individual capacities, Commander of the

Count I alleges Fourth Amendment search-and-seizure violations based upon Smith's arrest and repeated searches while incarcerated. Count II alleges Smith's Fourteenth Amendment right to due process was violated when he was detained involuntarily for 108 days without opportunity to challenge the validity of his detention. Count III presents state-law claims for false arrest and imprisonment.

**Discussion**

In the motions before the Court, M. Jane Schweitzer seeks dismissal of the claims in Counts I, II, and III asserted against her. The Board Members, Dotson, Watson, Garanzini, Simpher, and Crews seek dismissal of the official capacity claims against them and Count III in its entirety.

**Standard of Review**

In ruling on a motion to dismiss, the court must view the allegations in the Complaint in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Additionally, the court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in

---

Warrant Fugitive Section Andrew Crews in his official and individual capacities, and 99 unnamed SLMPD defendants in their official and individual capacities.

Additional defendants include: the City of St. Louis, the City of St. Louis Sheriff's Department, Sheriff James Murphy in his official capacity, 99 unnamed members of the Sheriff's Department in their official and individual capacities, Dale Glass in his official capacity as the Commissioner of the St. Louis Division of Corrections, 99 unnamed members of the Division of Corrections, and Richard H. Gray in his official capacity as the Director of Public Safety for the City of St. Louis.

favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). The motion must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Stated differently, to survive a motion to dismiss, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Count III

As a preliminary matter, Smith admits that he failed to bring his claims for false imprisonment within two years, as required by Missouri law. *Cf.* R.S. Mo. § 516.140 (establishing statute of limitations for false imprisonment and malicious prosecution, among others). *See also Rankin v. Venator Grp. Retail, Inc.*, 93 S.W.3d 814, 819 (Mo. Ct. App. 2002) (treating false arrest and false imprisonment as similar actions). Count III will therefore be dismissed in its entirety as to all defendants.

Schweitzer Motion to Dismiss

Schweitzer argues that clerks of circuit courts are considered state officials, and so are entitled to sovereign immunity under the Eleventh Amendment to the

Constitution.² *See* Mem. Support, ECF No. 26 at p. 4. (citing *Stanton v. Johnson*, 13 Fed. Appx. 441 (8th Cir. 2001) (affirming, on the Basis of both Eleventh Amendment immunity and judicial immunity, the dismissal of a suit against clerks of [Iowa] county court)). Although the parties do not directly address it, it appears from the record that Schweitzer should be entitled to judicial immunity against claims related to the issuance of the warrant. "Clerks of court have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) (internal quotation marks omitted). Missouri authorizes a felony arrest warrant to issue upon a probable cause finding by the court. R.S. Mo. § 542.030; Mo. S. Ct. R. 22.04(a). Thus, the clerk of court is entitled to judicial immunity, at least as to claims related to the issuance and signing of warrants. *See Boyer v. Cnty. of Wash.*, 971 F.2d 100, 102 (8th Cir. 1992) (holding deputy circuit clerk protected by absolute immunity regardless of whether judge authorized issuance or signing of warrant because those acts are "integral parts of the criminal judicial process") (quoting *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th

---

² As noted by the Eighth Circuit in *Thomas v. St. Louis Board of Police Commissioners*, "the phrase 'Eleventh Amendment immunity' is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." 447 F.3d 1082, 1084 n.4 (8th Cir. 2006) (alteration omitted) (quoting *N. Ins. Co. of N.Y. v. Chatham Cnty., Ga.*, 547 U.S. 189 (2006)).

Cir. 1987)); *see also Rogers*, 841 F.2d at 856 (affirming dismissal of §1983 claims for damages on judicial immunity grounds).

A district court may *sua sponte* dismiss a complaint that fails to state a claim for relief. *Mildfelt v. Circuit Court of Jackson Cnty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). Here, Schweitzer is entitled to absolute immunity for all actions related to the issuance of the Hamilton warrant. *Cf. Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Because Schweitzer is immune from suit, all claims against her will be dismissed.

SLMPD Motion to Dismiss

The Saint Louis Metropolitan Police Department (SLMPD) defendants move to dismiss the official-capacity claims against them and Count III in its entirety. As discussed above, Smith's Count III claims are time barred and so will be dismissed. The SLMPD defendants seek dismissal of all official-capacity claims against them in Counts I and II, arguing that Smith cannot establish inadequate hiring, training or supervision practices or the existence of a municipal policy or custom that caused his constitutional injury.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

> To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right. If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation. Such a showing requires either the existence of a municipal policy that violates federal law on its face or evidence that the municipality has acted with "deliberate indifference" to an individual's federal rights.

*Id.* (internal citations omitted).

Under a failure to train, hire, or supervise theory, a defendant may be liable for deficient policies for training, hiring, and supervising another defendant if (1) he had notice of the inadequacies, (2) his failure in a relevant respect evidences a deliberate indifference to the rights of others, and (3) the alleged deficiency actually caused plaintiff's injuries. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989); *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996).

Under a "policy" or "custom" theory, an official may be liable for an official policy or an unofficial "custom" that caused a persistent widespread pattern of unconstitutional conduct of which officials had notice and subsequently reacted with deliberate indifference or tacit authorization. *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

The SLMPD defendants argue that the claims against them must be dismissed because Smith has not pleaded any factual allegations showing that they

had notice that their hiring, training, or supervision was inadequate, nor of any persistent and widespread pattern of unconstitutional conduct.

A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quotation omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.

Smith has alleged that the constitutional violations – his arrest and subsequent searches and incarceration on a warrant for another person – resulted from the hiring, training, supervision, policies, customs and/or practices, or lack thereof of the defendant SLMPD Board Members, Dotson, and Watson. *See, e.g.*, ECF No. 16 ¶¶ 69–76, 82–84. Smith further alleges specifically that defendants Garanzini, Simpher, and Crews had the responsibility of processing arrestees like Smith, knew that Smith was not Eugene Hamilton, and nonetheless transferred him to the Division of Corrections under Hamilton's name. Smith also alleges the defendants failed to secure Smith's release from incarceration even after a judge ordered that his identity be verified by fingerprinting. *See* ECF No. 16 ¶¶ 21–31. These allegations suffice to raise the inference that the SLMPD's hiring, training, and supervising practices were constitutionally deficient and that the department

failed to have existing policies or customs designed to prevent the continued incarceration of an innocent person.

The Supreme Court has stated that circumstances exist wherein "a pattern of similar violations might not be necessary to show deliberate indifference." *Connick v. Thompson*, 131 S. Ct. 1350, 1361 (2011) (citing *Harris*, 489 U.S. at 390 n.10 (providing an example of a municipality charging armed officers with capturing fleeing felons without training on limits to deadly force)). At first glance, it would appear obvious that failing to train warrant-executing officers and booking personnel in proper identification techniques would inevitably lead to the incarceration of an innocent person. The same may be said as to the failure to have a policy or custom in place designed to respond to protestations of innocence. *Cf. Baker v. McCollan*, 443 U.S. 137, 145 (1979) (holding that sheriff executing warrant was not required to "investigate independently *every* claim of innocence") (emphasis added) *with id.* at 148 (Blackmun, J., concurring) (implying that *some* claims of innocence may require investigation) *and id.* at 155 (Stevens, J., dissenting) (reciting statistics on mistaken-identity arrests). I need not determine at this stage whether the facts presented here would qualify for the *Connick* exception. Smith has stated a plausible claim for relief on his official-capacity counts against the SLMPD defendants, and he is entitled to conduct discovery in

support of his claims. *Cf. Wright v. St. Louis Bd. of Police Comm'rs*, No. 4:12CV00107 AGF, 2013 WL 1305806, at *7 (E.D. Mo. Mar. 28, 2013).

St. Louis City Sheriff's Department

Earlier in this case, Smith conceded that his complaint against the St. Louis City Division of Corrections must be dismissed, because departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments. *See* Smith Notice of Voluntary Dismissal, ECF No. 28 (citing *Catlett v. Jefferson Cnty.*, 299 F. Supp. 2d 967–69 (E.D. Mo. 2004)). A review of the complaint reveals that Smith also names the St. Louis City Sheriff's Department as a defendant. This claim is legally frivolous, because the Sheriff's Department is also not a suable entity. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (noting departments or subdivisions of a local government are "not juridical entities suable as such"); *Catlett*, 299 F. Supp. 2d at 968–69. Because the record shows that Smith cannot sue the Sheriff's Department, all claims against the Department as an entity will be dismissed. *Cf. Mildfelt v. Circuit Court of Jackson Cnty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987) (allowing a district court to *sua sponte* dismiss counts that fail to state a claim). The claims against Sheriff Murphy himself, in his official capacity, remain pending.

Accordingly,

**IT IS HEREBY ORDERED** that defendant M. Jane Schweitzer's motion to dismiss [# 25] is **granted**.

**IT IS FURTHER ORDERED** that all claims against defendant St. Louis City Sheriff's Department are dismissed.

**IT IS FURTHER ORDERED** that SLMPD defendants Slay, Irwin, Battle-Turner, Gray, Switzer, Dotson, Watson, Garanzini, Simpher, and Crews motion to dismiss [# 19] is granted only as to the time-barred state law claims in Count III; the motion is otherwise denied.

**IT IS FURTHER ORDERED** that Count III is dismissed in its entirety, as to all defendants, as plaintiff concedes it is time-barred.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2015.